# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

THOMAS CARMICHAEL, )
)
     Plaintiff, )
)
v. ) Case No. CIV-17-869-D
)
THE OKLAHOMA DEPARTMENT )
OF CORRECTIONS, JOE M. )
ALLBAUGH, Director, and THE )
CITY OF OKLAHOMA CITY, )
)
     Defendants. )

## ORDER

Before the Court is Defendants' Second Motion to Dismiss [Doc. No. 13], to which Plaintiff has responded [Doc. No. 14]. The matter is fully brief and at issue.

## BACKGROUND

In May 2002, Plaintiff pled guilty to charges of First Degree Rape, Indecent or Lewd Acts with A Child Under Sixteen, and Indecent Exposure. Because of his convictions, Plaintiff is required to register as a convicted sex offender pursuant to the Oklahoma Sex Offenders Registration Act (OSORA), Okla. Stat. tit. 57, §§ 581-590.2. In January 2012, Plaintiff was discharged from prison and registered as a sex offender. In August 2015, Plaintiff was again convicted of Lewd Acts With a Child Under Sixteen and sentenced to four years imprisonment followed by ten years of probation. Plaintiff was released from prison in December 2016.

On November 1, 2015, amendments to Okla. Stat. tit. 57, § 590 became effective, which made it:

> unlawful for any person registered pursuant to the Sex Offenders Registration Act to reside, either temporarily or permanently, within a two-thousand-foot radius of any … park that is established, operated or supported in whole or in part by a homeowners' association or a city, town, county, state, federal or tribal government, or a licensed child care center as defined by the Department of Human Services.

Okla. Stat. tit. 57, § 590(A). On November 22, 2016, and January 17, 2017, Plaintiff was advised by the City of Oklahoma City that his home was "not acceptable" as a place for him to reside due its proximity to a park. In both his Amended Complaint [Doc. No. 1-8] and Second Amended Complaint [Doc. No. 10],[1] Plaintiff alleges this area is not a "park," but a small greenbelt owned by the homeowners' association for the area where Plaintiff owns real property and is not used for any recreational purposes.

Plaintiff's Amended Complaint stated three causes of action: (1) that § 590 violates the *Ex Post Facto* Clause of the United States Constitution; (2) that §590 violates the *Due Process* Clause of the United States Constitution; and (3) a claim for declaratory relief. Defendants filed a Motion to Dismiss [Doc. No. 7] on September 8, 2017. On March 23, 2018, the Court granted in part and denied in part Defendants' Motion to Dismiss with leave for Plaintiff to amend. Order [Doc. No. 9].

On April 12, 2018, Plaintiff filed his Second Amended Complaint. Plaintiff asserts the same three causes of action. However, Plaintiff amended his Complaint to more

---

[1] Plaintiff denominates his operative amended pleading a "Second Amended Petition"; herein the Court refers to it as a Second Amended Complaint, consistent with the Federal Rules of Civil Procedure.

specifically describe the alleged greenbelt in question as "a small area of grass" which is: (1) not a park; (2) not designated, or alternatively, is improperly designated, for recreational use; and, (3) not used for recreational purposes. Second Amended Complaint at 2, 3, 4.

Defendants move to dismiss Plaintiff's action on the grounds that: (1) the residency restriction does not violate the *Ex Post Facto* Clause; (2) the residency restriction does not violate the *Due Process* Clause; and, (3) Plaintiff has failed to state a claim for declaratory relief, or, in the alternative, his underlying claims present the more effective remedy.

## STANDARD OF DECISION

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679; *see Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (Stating that "the degree of specificity necessary to establish

plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context.") (internal quotation omitted). Therefore, *Iqbal* and *Twombly* provide "no indication the Supreme Court intended a return to the more stringent pre-Rule 8 pleading requirements." *also Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678).

The Tenth Circuit has held that the *Iqbal/Twombly* pleading standard is "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Khalik*, 671 F.3d at 1191 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). The pleader's allegations need only provide the "defendant fair notice of what the … claim is and the grounds upon which it rests." *Id*. at 1192 (quoting *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)) (internal quotations omitted). In ruling on a motion to dismiss a judge "must accept all allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven." *Robbins*, 519 F.3d at 1247.

**I.     *Ex Post Facto* Claim**

Article I, Section 10, Clause 1 of the U.S. Constitution provides that "[n]o . . . state shall . . . pass . . . any ex post facto law."[2] In order for a statute to be in violation of the *Ex*

---

[2] As he did in his Response to Defendants' Motion to Dismiss [Doc. No. 8], Plaintiff again erroneously cites to *Starkey v. Oklahoma Department of Corrections*, 2013 OK 43, 305 P.3d 1004, for the proposition that OSORA is punitive in nature and, therefore, a retroactive punishment in violation of the U.S. Constitution's *Ex Post Facto* Clause. *Plaintiff's Response* at 3. As the Court stated in its Order [Doc. No. 9], although the Court is bound by a state supreme court's interpretations of its own statutes, this Court is not so

4

*Post Facto* Clause, it must: (1) be applied retroactively, and (2) if based on a civil legislative intent, it must have such a punitive effect so as to negate the civil intention. *Smith v. Doe*, 538 U.S. 84, 92, 123 S.Ct. 1140, 1146-1147 155 L. Ed. 2d 164 (2003).

### A. Retroactivity

Plaintiff alleges OSORA is retroactively enforced. Defendants make no argument to the contrary. Therefore, the Court need not examine the retroactive nature of the statute.

### B. Punitive Effect

As discussed in its previous Order [Doc. No. 9], the Court must apply the "intents-effects" inquiry outlined in *Smith v. Doe*, 538 U.S. 84, 92, 123 S.Ct. 1140, 1146-1147, 155 L. Ed. 2d 164 (2003), to determine whether Plaintiff's alleged facts are, if taken as true, sufficient to show it is plausible that the challenged OSORA residency restriction, as applied to him, constitutes a retroactive punishment prohibited by the *Ex Post Facto* Clause. *See Shaw v. Patton,* 823 F.3d 556, 561 (10th Cir. 2016); *Klein v. Jones*, CIV-12-1064-F, 2012 WL 6962975, at *6-7 (W.D. Okla. Dec. 27, 2012), *report and recommendation adopted*, *Klein v. Jones*, No. CIV-12-1064-F, 2013 WL 360050 (W.D. Okla. Jan. 29, 2013); *Gautier v. Jones*, No. CIV-08-445-C, 2009 WL 1444533, at *4-5 (W.D. Okla. May 20, 2009), *rev'd on other grounds, Gautier v. Jones*, 364 Fed. Appx. 422 (10th Cir. 2010) (unpublished). First, the Court must determine whether the intent of the Oklahoma Legislature was to impose punishment or establish a civil regulatory scheme.

---

bound when determining whether those statutes violate the United States Constitution. *Shaw v. Patton*, 823 F.3d 556, 563 (10th Cir. 2016).

Second, if the intent was not punitive, the Court must determine whether Plaintiff has alleged facts, if taken as true, sufficient to show it is plausible that the statute's effects are "so punitive either in purpose or effect as to negate" the legislative intent. *Smith*, 538 U.S. at 92 (internal quotations omitted).

Plaintiff acknowledges a non-punitive intent of OSORA. Second Amended Complaint at 3; Plaintiff's Response at 4. Therefore, the court need only analyze the sufficiency of Plaintiff's alleged facts as to the punitive effect of OSORA, pursuant to the guideposts of *Smith*, as adopted by the Tenth Circuit in *Shaw*. *See* Order [Doc. No. 9].[3]

The *Shaw* court acknowledged that residency restrictions are "generally designed to reduce temptations and opportunities for sex offenders to prey on children." *Shaw*, 823 F.3d at 576. However, in this case, Plaintiff's alleged facts indicate that the purpose identified by the *Shaw* court is absent in the application of the subject OSORA amendment. Plaintiff alleges the park at issue "is a small area of grass" that "is not designated, or alternatively, is improperly designated, for recreational use," that the park "is not actually used for recreational purposes," and, therefore, "does not have a rational connection to [the] non-punitive purpose" of OSORA. Second Amended Complaint at 2, 3. Plaintiff asserts that, because no children are likely to frequent the subject "small area of grass" which is not, in fact, a "park," there exists no need to impose restrictions tied to the statutory goal.

---

[3] The Court provided an extensive examination of the Tenth Circuit's application of the *Shaw* guideposts to OSORA in its previous Order [Doc. No. 9]. As the same examination applies here, it will not be repeated in this Order.

Applying the *Smith* guideposts, Plaintiff has alleged facts, if taken as true, sufficient to state a plausible claim that the specific residency restriction in question negates the legislative non-punitive intent by: (1) closely resembling, if not embodying, the historic punishment of banishment as cities and neighborhoods increasingly put a high value on green areas therefore ensuring "small area[s] of grass" are found throughout cities making it virtually impossible for sex offenders to find housing;[4] (2) imposing an affirmative restraint on housing beyond what is necessary to further the civil regulatory scheme; (3) promoting traditional aims of punishment by limiting offenders to living in tiny areas of the community and imposing restrictions based only on prior conduct rather than the furtherance of a non-punitive intent of protecting children; (4) having no rational connection to a nonpunitive purpose of reducing recidivism and protecting children; and, (5) being excessive as to the stated nonpunitive purpose. *See Smith*, 538 U.S. at 97; *Shaw*, 823 F.3d at 562.

The pleaded facts demonstrate it is plausible that the application of OSORA's amended residency restrictions as to "parks," under the circumstances of this case, is sufficiently punitive to negate the civil intent of OSORA. Taken as true, Plaintiff's alleged facts as to the nature of the "park" restricting him from residing in his residence of twenty-

---

[4] The premium municipalities place on green spaces is demonstrated in ordinances that require both residential and commercial zoned real property to include a designated percentage of green space. *See Oklahoma City Municipal Code § 59-11100, et. seq.* Application of the subject OSORA restriction to non-park green spaces would allow every small area of grass at the entrance to neighborhoods, along walkways, at the edge of property lines, and in commercial parking areas to restrict the residency of sex offenders.

five years are sufficient to state a plausible claim for violation of the *Ex Post Facto* Clause. Moreover, as pleaded, the facts demonstrate that the residency restriction as applied to a "small area of grass" that is not actually a park is not rationally related to the non-punitive purpose of OSORA, and goes beyond what is necessary in Plaintiff's circumstances. *See Shaw*, 823 F.3d. at 576-577.

Although Plaintiff's amendments are minimal, the alleged facts in his Second Amended Complaint nudge his *Ex Post Facto* claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547. Whether Plaintiff can present clear proof to override legislative intent is a matter for discovery and, potentially, trial. Defendants' Second Motion to Dismiss as to Plaintiff's claim that OSORA violates the *Ex Post Facto* Clause is denied.

## II.     Due Process Claim

The Due Process Clause of the Fourteenth Amendment prohibits the state from depriving any person "of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "[T]he touchstone of due process is protection of the individual against arbitrary action of government." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1181 (10th Cir. 2009) (quoting *County of Sacramento v. Lewis,* 523 U.S. 833, 845, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (quoting *Wolff v. McDonnell,* 418 U.S. 539, 558, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)). While "[p]rocedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, [] substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision." *Onyx Properties LLC v. Bd. of*

*Cty. Commissioners of Elbert Cty.*, 838 F.3d 1039, 1043 (10th Cir. 2016), *cert. denied sub nom. Onyx Properties, LLC v. Bd. of Cty. Comm'rs of Elbert Cty.,* 137 S. Ct. 1815, 197 L. Ed. 2d 758 (2017) (quoting *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000)).

Defendants argue that Plaintiff fails to state a claim of either procedural or substantive violations of the *Due Process* Clause. However, Plaintiff asserts no procedural *Due Process* claim in his Second Amended Complaint. *See* Second Amended Complaint at 4-5. Therefore, the Court need not address Defendants' motion to dismiss as to a procedural *Due Process* violation and will address only the substantive due process claim.

Substantive due process "specially protects those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition and so implicit in the concept of ordered liberty that neither liberty nor justice would exist if they were sacrificed." *Washington v. Glucksberg*, 521 U.S. 702, 720–21, 117 S. Ct. 2258, 2268, 138 L. Ed. 2d 772 (1997) (internal quotations omitted) (internal citations omitted). However, "[e]ven if the [statute] does not implicate a fundamental right, it must nonetheless bear a rational relationship to a legitimate government interest." *Dias*, 567 F.3d at 1182 (10th Cir. 2009) (citing *Glucksberg,* 521 U.S. at 728 and *Seegmiller v. LaVerkin City*, 528 F.3d 762, 771 (10th Cir.2008)).

Therefore, in order to state a claim for a substantive due process violation, Plaintiff must plead sufficient facts alleging: (1) a fundamental right is burdened by legislation that is not narrowly tailored to a compelling state interest; or, (2) if a fundamental right is not at issue, that the statute is not rationally related to a legitimate state interest. *Glucksberg*,

521 U.S. at 721, 728; *Reno v. Flores*, 507 U.S. 292, 305, 113 S.Ct. 1439 (1993)*: Dias*, 567 F.3d at 1181.

Plaintiff alleges an infringement of a fundamental property right, i.e., to use his property.[5] Second Amended Complaint, at 4. Plaintiff asserts that the application of the OSORA residency restriction to his home based on the location of a "small area of grass" not designated for, or actually used for recreation, wrongfully prevents him from living in his home. Defendants do not challenge Plaintiffs' alleged fundamental property right. Defendants' Second Motion to Dismiss addresses only whether OSORA infringes upon a fundamental right of family relationship and cites two Eighth Circuit cases in which sex offenders asserted a fundamental liberty interest in living with family.

In *Weems v. Little Rock Police Dep't*, 453 F.3d 1010, 1014 (8th Cir. 2006) and *Doe v. Miller*, 405 F.3d 700, 707 (8th Cir. 2005), sex offenders challenged residency restrictions prohibiting them from living with family within 2000 feet from a school or childcare facility as violative of their fundamental right to reside with family. Defendants' Motion to Dismiss, at 7. The fundamental right asserted in *Weems* and *Miller* was a liberty interest, not a property interest. *Weems*, 453 F.3d at 1015; *Miller*, 405 F.3d at 709. Nor did the *Weems* or *Miller* sex offenders allege that the schools were improperly designated as such or that they were not, in fact, schools. They did not allege ownership of the subject residences.

---

[5] Whether Plaintiff's alleged fundamental property right to live in his home has merit is not at issue here because it was not challenged by Defendants.

Plaintiff has alleged he has a fundamental property right to use his property, i.e., to live in his home, and that the Department of Corrections infringes that property right by enforcing OSORA's application to the "small area or grass" near his home that is not a park and is not designated or used for recreational purposes. Defendants offer no argument that Plaintiff's alleged *property* right is not a fundamental right subject to heightened scrutiny. To the extent Defendants fail to challenge Plaintiff's claimed fundamental property right, the Court finds that for purposes of the Motion to Dismiss, Plaintiff has stated sufficient facts to state a substantive due process claim.

The Court also finds that Plaintiff has stated sufficient facts to establish a plausible claim that OSORA, as applied to a "small area of grass" which is not designated or used for recreational purposes, is not rationally related to the stated purpose of "protecting children who may frequent parks." Defendants' Second Motion to Dismiss at 8. Application of the statute to small green spaces not used as, or intended as, parks would be, if true, the type of arbitrary governmental action prohibited by the substantive due process protections of the *Due Process* Clause.

It is not the Court's duty to evaluate the merits of the claims at this stage of the litigation. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. Defendants' Second Motion to Dismiss the *Due Process* claim is therefore denied.

### III. Declaratory Relief

The Federal Declaratory Judgment Act, 28 U.S.C. § 2201 (2010), provides that:

11

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.[6]

The Declaratory Judgment Act confers "on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995); *see also United States v. City of Las Cruces,* 289 F.3d 1170, 1179–80 (10th Cir. 2002). The Tenth Circuit has stated that "[i]n determining whether to exercise their discretion, district courts should consider the following factors:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata;* [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Mid–Continent Cas. Co. v. Village at Deer Creek Homeowners Ass'n, Inc.,* 685 F.3d 977, 980–81 (10th Cir. 2012) (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (internal quotations omitted)). Defendants challenge only the first and fifth factors. Defendants assert there is no controversy to be settled because "OSORA does not violate [] the *Ex Post Facto* Clause" and "there has been no due process violation of Plaintiff's rights." Defendants' Second Motion to Dismiss, at 9. In the alternative,

---

[6] Defendants' only challenge to the Court's jurisdiction over this matter is in the introductory sentence of their Motion invoking Fed. R. Civ. P. 12(b)(1). Defendants' Second Motion to Dismiss, at 1. They provide no argument in support of this challenge. As discussed in its Order [Doc. No. 9], this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

Defendants point to the fifth factor in arguing that Plaintiff's *Ex Post Facto* and *Due Process* claims are more effective remedies than declaratory judgment. *Id*. at 10.

The Court examined the first *Mhoon* factor in its previous Order [Doc. No. 9]. Because the Court has denied the Defendants' current motion to dismiss as to the *Ex Post Facto* Clause and the *Due Process* Clause, the Court finds no reason to alter or repeat its previous examination as to the issue of the existence of a controversy between the parties. The Court finds that Defendants do, indeed, have adverse legal interests to Plaintiff of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

As to the fifth factor, Plaintiff's response restates the facts and issues alleged in support of his separate constitutional claims. However, Defendants present no authority for their position that Plaintiffs' Constitutional claims would "be the more effective" resolution. Plaintiff has stated sufficient facts to state a plausible claim for declaratory judgment.

For these reasons, Defendants' Second Motion to Dismiss Plaintiff's declaratory judgment claim is denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Second Motion to Dismiss [Doc. No. 13] is DENIED, as set forth herein.

**IT IS SO ORDERED** this 22nd day of August, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE