# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS CARMICHAEL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Oklahoma County District Court )<br>THE OKLAHOMA DEPARTMENT )<br>OF CORRECTIONS, and Joe M. )<br>Allbaugh, as Director, and the CITY )<br>OF OKLAHOMA CITY, )<br>)<br>Defendants. ) | Case No. CIV-17-869-D |

## ORDER

Before the Court is Defendant City of Oklahoma City's ("Oklahoma City") Motion for Summary Judgment [Doc. No. 31]. Plaintiff has responded [Doc. No. 32]. The matter is fully briefed and at issue.

## UNDISPUTED MATERIAL FACTS

Plaintiff has owned a residence at 2813 Shady Tree Lane in Oklahoma City since August 6, 1993. The residence is within 2000 feet of multiple common areas allegedly owned or operated by various homeowners associations ("HOA"). Plaintiff resided in the residence at 2813 Shady Tree Lane until his convictions and incarceration in May 2002.

On May 15, 2002, Plaintiff pleaded guilty to charges of First Degree Rape, Indecent or Lewd Acts with A Child Under Sixteen, and Indecent Exposure. As a result of these

convictions, Plaintiff is required to register as a convicted sex offender pursuant to the Oklahoma Sex Offenders Registration Act ("OSORA"), Okla. Stat. tit. 57, §§ 581-590.2.

Plaintiff was discharged from prison and registered as a sex offender in January 2012. In March 2012, Plaintiff was charged with two counts of Lewd Acts with a Child Under Sixteen and on August 7, 2015, he was convicted on those charges and sentenced to fourteen (14) years imprisonment, all but the first four years suspended, to run concurrent with his sentence for his previous convictions.

On November 1, 2015, amendments to Okla. Stat. tit. 57, § 590 became effective, which made it:

> unlawful for any person registered pursuant to the Sex Offenders Registration Act to reside, either temporarily or permanently, within a two thousand-foot radius of any . . . playground or park that is established, operated or supported in whole or in part by a homeowners' association or a city, town, county, state, federal or tribal government, or a licensed child care center as defined by the Department of Human Services.

Okla. Stat. tit. 57, § 590(A). "Park" is defined in the statutes as "any outdoor public area specifically designated as being used for recreational purposes that is operated or supported in whole or in part by a homeowners' association or a city, town, county, state, federal or tribal governmental authority."[1] Okla. Stat. tit. 21, § 1125. These are the same restrictions and definitions acknowledged by Plaintiff when he initialed each paragraph of, and signed, the Notice of Duty to Register prior to his release from incarceration in December 2016.

---

[1] The Court notes that Oklahoma City's Undisputed Fact No. 5 incorrectly quotes the statutory definition of "park" by omitting the word "specifically." Motion at 3; Okla. Stat. tit. 21 § 1125; 2015 Okla. Sess. Laws Ch. 270, §1.

Notice of Duty to Register (Pursuant to Title 57, Sections 581-590.2 and Title 21, Section 1125 of the Oklahoma State Statutes) [Doc. No. 31-6] at ¶¶ 9 and 10.

On the day of his release, December 30, 2016, Plaintiff registered with the Oklahoma City Police Department as a transient and has continued to register as a transient since that date.

Plaintiff filed the instant action on May 3, 2017, and Oklahoma City removed the case to this Court on August 14, 2017.

## STANDARD OF DECISION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Universal Underwriters Ins. Co. v. Winton*, 818 F. 3d 1103, 1105 (10th Cir. 2016). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way," and "[a]n issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The Court's inquiry must be whether the evidence, when viewed "through the prism of the substantive evidentiary burden," *Anderson*, 477 U.S. at 254, "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. Although the Court views all facts in the light most favorable to the nonmoving party at the summary judgment stage, "there is no

3

issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249 (citations omitted).

"[I]n opposing a motion for summary judgment, the nonmoving party 'cannot rest on ignorance of facts, on speculation, or on suspicion.'" *Bird v. W. Valley City*, 832 F.3d 1188, 1199 (10th Cir. 2016) (quoting *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988)). The nonmoving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery." *Anderson*, 477 U.S. at 257.

## DISCUSSION

As stated in this Court's previous Order [Doc. No. 9], the Tenth Circuit in *Shaw v. Patton*, 823 F.3d 556 (10th Cir. 2016), determined:

> that the Oklahoma legislature enacted OSORA to protect public safety "by reducing recidivism among sex offenders, improving law enforcement's ability to identify sex offenders, and enabling law enforcement to alert the public to potential danger from these offenders." *Id*. (citing *Starkey v. Okla. Dep't of Corrs.*, 305 P.3d 1004, 1020 (Okla.2013)). The court then concluded the restrictions "place children out of sight and mind, beyond senses that could stir the perversions of known child sex offenders" and that "at least arguably, a 2000-foot restriction reduces opportunity, diminishes temptation, and thereby decreases the risk that a proven child sex offender will reoffend." *Id*. at 574.

Order [Doc. No. 9] at 8-9. There is no dispute that Plaintiff is a sex offender required to comply with the residency restrictions of OSORA or that the legislative purpose is as stated in *Shaw*. Motion at 8, 12, 13; Response at 5, 6. However, the crux of Plaintiff's claims is whether OSORA is appropriately applied to the grassy area as argued by Oklahoma City

4

in restricting him from living in his residence at 2813 Shady Lane, and whether that application furthers the legislative purpose of OSORA. Amended Complaint[2] [Doc. No. 10] at ¶¶ 9, 16, 17, 18.

Oklahoma City asserts the undisputed material facts demonstrate that: (1) the residency restriction does not violate the *Ex Post Facto* Clause; and, (2) the residency restriction does not violate the *Due Process* Clause. Although Plaintiff admits Oklahoma City's undisputed material facts, he maintains that this application is violative of the *Ex Post Facto* Clause and the *Due Process* Clause as a matter of law. In support thereof, Plaintiff contends these common areas: (1) are not parks; and, (2) are not designated, or are improperly designated, for recreational use. Response at 3, 6.

A.  **Application of the OSORA to Plaintiff's Residence**

Although Oklahoma City contends, and Plaintiff concedes, that the home is within 2000 feet of multiple common areas, the salient question is whether these "common areas" meet the statutory definition of "park" thereby triggering the residency restrictions of OSORA.[3] Response at 2 (admitting Undisputed Material Fact No. 6). In order for

---

[2] Plaintiff denominates his operative amended pleading a "Second Amended Petition"; herein the Court refers to it as a Second Amended Complaint, consistent with the Federal Rules of Civil Procedure.

[3] Although Plaintiff concedes in his Amended Complaint that the "proximity" of "a small area of grass owned and supported by a homeowners' association" resulted in the application of the residency restriction to his home, the Amended Complaint does not identify with particularity this grassy area. Amended Complaint at ¶ 9. In its Motion, Oklahoma City likewise fails to specifically identify the area of grass described in the Amended Complaint and instead refers to multiple common areas it alleges are sufficient to trigger the residency restrictions.

5

Oklahoma City to establish the material fact that the residency restrictions of OSORA apply to Plaintiff's residence, Oklahoma City must present sufficient evidence that there is no genuine dispute that a park or playground, as defined by Okla. Stat. tit. 57, § 590(A) and Okla. Stat. tit. 21, § 1125, is located within 2000 feet of Plaintiff's home. Fed. R. Civ. P. 56(a); *Adler*, 144 F.3d at 670; *Anderson*, 477 U.S. at 251-52.

Accordingly, Oklahoma City must demonstrate that: (1) an "outdoor public area" is within 2000 feet of Plaintiff's home; (2) the "outdoor public area" is "established, operated or supported in whole or in part by a homeowners' association"; and, (3) the "outdoor public area" has been "specifically designated as being used for recreational purposes." Okla. Stat. tit. 57, § 590(A); Okla. Stat. tit. 21, § 1125. Having reviewed Oklahoma City's evidence,[4] the Court finds that Oklahoma City has established only that an outdoor area is located within 2000 feet of Plaintiff's home.

---

[4] The Court notes that in supporting its contention that the "common areas" located within 2000 feet from Plaintiff's home are "parks" as defined by the applicable statutes, Oklahoma City relies entirely on materials that are not in conformance with Fed. R. Civ. P. 56(c)(1)(A). Rule 56(c)(1)(A) requires that a party asserting an undisputed material fact must "cite to particular parts of materials ***in the record***." Fed. R. Civ. P. 56(c)(1)(A) (emphasis added). Oklahoma City omits any citation indicating that Exhibits 1, 3, 5, 6, 7, 8, 9, 10, and 11 to its Motion can be found in any part of the record enumerated by Rule 56(c)(1)(A) or reference to any authoritative case law supporting the Exhibits' admissibility. However, because the Court finds that the materials presented as evidence fail to support Oklahoma City's assertion that "common areas" are "parks" under OSORA and because Plaintiff fails to object to this "evidence," the Court considers it only for the purposes of the instant motion.

Oklahoma City repeatedly refers to "common areas" within 2000 feet of Plaintiff's residence and attaches what is purported to be a map of those common areas to its Motion.[5] Map of Oklahoma City [Doc. No. 31-5] at 1. However, "common areas" are not enumerated in Okla. Stat. tit. 57 § 590(A), nor does Oklahoma City provide any evidence that any of these "common areas" are established, operated or supported by an HOA or that they are *specifically designated* for recreational use. Okla. Stat. tit. 57, § 590(A); Okla. Stat. tit. 21, § 1125. Finally, Oklahoma City presents no legal argument to support such a broad interpretation of the term "common area" within the language of OSORA.

The Court notes that the map of "common areas" provided by Oklahoma City is largely unintelligible, with the names of various "common area" plats superimposed over green and white diagonal lines. Map of Oklahoma City at 1. No landmarks, streets, or any other point of reference can be identified other than the word "Springlake." Although the second page of the same exhibit is an aerial photograph of what the Court can only assume is the same area, it does not appear to be of the same scale, nor are any of the "common areas" identified thereon. *Id*. at 2. Further, the Court notes no areas resembling a park or playground are discernible on the aerial photograph and the word "Springlake" is absent.

The Court takes judicial notice of the Oklahoma County Tax Assessor's records, including plat boundaries and aerial photographs, and notes a search of those records reveals that none of the open land depicted in the aerial photograph or map submitted by

---

[5] Oklahoma City fails to identify the source of this map or where in the record it can be located other than as an exhibit to its Motion.

Oklahoma City is owned by a homeowners association.[6] Although it appears that some lots may be owned by the developers of various subdivisions, there is no indication in the Tax Assessor's records, or the materials submitted by Oklahoma City, that these lots are owned by an HOA, that they are operated or supported by an HOA, or that they are ***specifically designated*** for recreational purposes as required by the plain language of the applicable statutes in this case.

Oklahoma City points to one common area in particular and conclusively states that in order to reach Plaintiff's residence:

> the fastest way is to turn into Falcon Ridge Estates HOA. Just to the south of that entrance is a large piece of land that is less than 800 feet from 2813 Shady Tree Lane (Map, Exhibit 10). The common area is approximately 600 feet by 200 feet, and can be used anytime for recreational purposes. (Exhibit 11, map and pictures of Falcon Ridge Estates HOA common area).

Motion at 17.[7] However, because an area ***can*** be used for recreation does not mean that it is specifically designated, as required by statute, for that purpose. Nor does the statute

---

[6] "A court may take judicial notice of its own files and records, as well as facts which are a matter of public record." *Tatten v. City & Cty. of Denver*, 730 Fed. Appx. 620, 624 (10th Cir. 2018), *cert. denied sub nom. Tatten v. City & Cty. of Denver, Colo.*, 139 S. Ct. 826, 202 L. Ed. 2d 579 (2019) (citing *Gee v. Pacheco*, 627 F.3d 1178, 1194 (10th Cir. 2010)); *see also*, *United Food & Commercial Workers Union v. Chesapeake Energy Corp.*, CIV-09-1114-D, 2013 WL 4494384, at *3 (W.D. Okla. Mar. 29, 2013), *aff'd sub nom. United Food & Commercial Workers Union Local 880 Pension Fund v. Chesapeake Energy Corp.*, 774 F.3d 1229 (10th Cir. 2014), *as amended nunc pro tunc* (Nov. 12, 2014) (stating that the Court may take judicial notice of matters of public record).

[7] Although the aerial photograph contains a reference to google.com as its source, the street level photographs of this "large piece of land" are of unknown origin. Aerial and Street Level Photographs [Doc. No. 11]. The Court notes that Oklahoma City attaches all of these photographs without citation to the record thereby failing to conform to Rule 56(c)(1)(A).

provide for application of OSORA to undefined, unqualified "large piece[s] of land." *Id*. On their face, and as interpreted by Oklahoma City, the subject Oklahoma statutes unambiguously require that in order for "any outdoor public area" to be deemed a "park," it must be "***specifically designated*** as being used for recreational purposes." Okla. Stat. tit. 21 § 1125 (emphasis added); Motion at 3.

Review of the Oklahoma County Tax Assessor's records reveals that the lot identified by Oklahoma City as the Falcon Ridge Estates "common area" is owned by the Oklahoma State Department of Transportation and described in the tax assessor's records as a vacant lot. Oklahoma County Tax Assessor Account No. R134853329; Oklahoma County Clerk's Office, Instrument No. 1985014601, Book 5283, Page 1122, (reflecting a warranty deed filed on January 10, 1985, conveying this lot to the State of Oklahoma Department of Transportation).[8] Pursuant to Okla. Stat. tit. 21 § 1125, a "park" may be operated or supported by a state authority, however, as with the other "common areas" alluded to by Oklahoma City, no evidence has been presented indicating that this lot has been ***specifically designated*** for recreational use or that it is operated or supported by the Falcon Ridge Estates HOA.

Because Oklahoma City has failed to present any evidence that OSORA has been applied to Plaintiff's residence in accordance with the statutory requirements, the Court need not address Plaintiff's claims or the Constitutional arguments in his Response. The Court finds that Oklahoma City has failed to demonstrate that there is no genuine issue of

---

[8] The Court also takes judicial notice of the Oklahoma County Court Clerk's records.

9

fact and it is entitled to judgment as a matter of law as to Plaintiff's claims. Accordingly, Oklahoma City's Motion for Summary Judgment must be denied.

### B. Consideration of Summary Judgment in Favor of Plaintiff

"[T]he practice of granting summary judgment *sua sponte* is not favored." *Ward v. Utah*, 398 F.3d 1239, 1245–46 (10th Cir. 2005) (quoting *Procter & Gamble Co. v. Haugen,* 317 F.3d 1121, 1132 (10th Cir.2003)). However, "district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that [it] had to come forward with all of [its] evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); Fed. R. Civ. P. 56(f)(1). "When there has been a motion but no cross-motion, the judge already is engaged in determining whether a genuine issue of material fact exists and the parties have been given the opportunity to present evidence designed either to support or refute the request for entry of summary judgment." *Jones v. State Farm Mut. Auto. Ins. Co.*, 653 Fed. Appx. 598, 608 (10th Cir. 2016) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2720 (3d ed. 1998)). In such cases, an entry of summary judgment in favor of the nonmovant is appropriate. *Id*. at 608, 609.

Nevertheless, the Court acknowledges the other defendants in this case were not parties to Oklahoma City's Motion for Summary Judgment. Therefore, the Court hereby informs all of the parties in this case that based on the materials submitted by Oklahoma City it is considering whether Plaintiff is entitled to summary judgment. The Court directs Defendants to show cause through appropriate submissions consistent with Fed. R. Civ. P.

56 and this Court's Local Rules, why Plaintiff is not entitled to summary judgment on his claims within fourteen (14) days of the date of this Order.

## CONCLUSION

For the reasons stated above, Defendant Oklahoma City's Motion for Summary Judgment [Doc. No. 31] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendants show cause why Plaintiff is not entitled to summary judgment within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED** this 17th day of May, 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE